**Jacqueline JUSTICE, Appellant,**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellee.**

No. 9885.

United States Court of Appeals
Fourth Circuit.

Argued June 4, 1965.

Decided Sept. 22, 1965.

Leonard B. Sachs, Norfolk, Va. (Jesse L. Stern and Lee Kelberg, Norfolk, Va., on brief), for appellant.

Harry Frazier, III, Richmond, Va. (Eppa Hunton, IV, and Hunton, Williams, Gay, Powell & Gibson, Richmond, Va., on brief), for appellee.

Before SOBELOFF and J. SPENCER BELL, Circuit Judges, and WINTER, District Judge.

PER CURIAM:

This is an appeal from a judgment of the district court sitting without a jury. The plaintiff's husband was one of four employees who were to participate in an

"employees' security plan" of insurance sold by the defendant. Unfortunately, the husband was killed in an accident after he had signed the application for the insurance and the premium had been paid, but before he received notice that he had been rejected by the company for lack of certain medical information.

The district court has set forth in detail its findings of fact and conclusions of law, and nothing would be gained by a repetition thereof. The appellant contends that the court erred in holding the case of Hayes v. Durham Life Insurance Company, 198 Va. 670, 96 S.E.2d 109 (1957), to be controlling. She contends that Hayes can be factually distinguished. It is true that there are differences. Hayes involved an application by one individual for a policy of life insurance, while here we deal with so-called wholesale insurance covering four employees and involving several kinds of risk. In Hayes the application specified that the policy must be delivered while the insured was alive and in good health; here the application merely required approval by the company. In Hayes the Supreme Court of Appeals of Virginia rejected the contention that the plaintiff could recover in tort, pointing out that the action sounded in contract,[1] while here there is no question but that under federal procedure the plaintiff may recover in either tort or contract if she can make out a case under Virginia law. The district court considered and rejected the plaintiff's attempt to distinguish the cases based on these factual differences, and we are forced to the conclusion that it was correct in doing so. The type of contract involved here permitted the company to choose its risks among the several employees and thus in principle is nearer to the individual policy sale than

it is to group insurance. Nor do we think that the difference between a requirement of delivery of the policy while the insured is in good health and that of acceptance of an application by the company while the applicant is in good health is a difference of sufficient magnitude to distinguish the cases.

The fact that the Supreme Court of Appeals of Virginia pointed out that the Hayes complaint was based on contract raises a more difficult problem, and had the court limited its opinion to this point we think the district court might well have concluded that the point had not been decided by the Virginia court and thus could permissibly have drawn the distinction. But such was not the case. The court not only rejected the plaintiff's contentions in Hayes on contractual grounds, it went further and expressly cited and rejected the rationale of those cases upon which the plaintiff here relies which allow recovery in tort.[2]

Finally, there are no other cases in Virginia which approach this area of the law and under these circumstances we think the district court was justified in holding as it did. Subsequent cases may afford Virginia the opportunity to limit Hayes to its facts in view of the growing recognition of the public interest involved in requiring insurance companies to act promptly when they hold an applicant's premium in order not to mislead him to his detriment into believing that he is covered, but such a decision in view of the very broad and sweeping dicta of the Hayes case should come from Virginia's courts. We therefore conclude with the district court that the Hayes case is controlling and fatal to the plaintiff's cause in this action.

The judgment of the district court is

Affirmed.

1. The plaintiff alleged that she was the beneficiary of a "certain contract of life insurance."

2. The extent to which the court went out of its way to consider and reject the tort theory of recovery leads us to the conclusion that it sought to discourage Hayes from bringing another suit on that ground.